IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAMBAR BAHADUR PITHAKOTEY,**
No. A212275543,

        Petitioner,

  vs.                              Case No. 18-cv-1997-SMY

**DAMON ACUFF,**

        Respondent.

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

*Pro se* Petitioner Dambar Bahadur Pithakotey, a citizen of Bhutan currently detained at the Pulaski County Detention Center in Ullin, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his continued detention. Petitioner was released from the custody of the Illinois Department of Corrections and taken into custody by Immigration & Customs Enforcement ("ICE") on March 29, 2017; he has remained in custody ever since.

According to the Petition, Petitioner was found removable by an immigration judge in February 2018, but ICE has been unable to effectuate his removal. Petitioner contends that his continued, indefinite detention is unconstitutional under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

**Disposition**

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before November 26, 2018).[1]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c)(1), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated: October 22, 2018**

                                            **s/ STACI M. YANDLE**
                                            **United States District Judge**

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.