**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAMBAR BAHADUR PITHAKOTEY, <br> # A212275543, <br><br> Petitioner, <br><br> vs. <br><br> DAMON ACUFF, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-cv-1997-SMY <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On October 19, 2018, Petitioner Dambar Bahadur Pithakotey filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, challenging his detention by Immigration and Customs Enforcement (ICE). Now before the Court is Respondent's Motion to Dismiss Petition as Moot, filed on November 21, 2018. (Doc. 7).

**Relevant Facts and Procedural History**

Petitioner alleges that he is a citizen of Bhutan who had been living in Nepal as a refugee for 18 years before coming to the United States. He was detained by ICE on March 29, 2017, after his release from the Illinois Department of Corrections. (Doc. 1, p. 1). An immigration judge found him removable on February 1, 2018, but ICE has been unable to obtain the necessary travel documents to remove Petitioner from the United States. (Doc. 1, pp. 1-2). Petitioner asserts that his continued detention is unlawful because he has been detained longer than the presumptively reasonable period of six months set by *Zadvydas v. Davis*, 533 U.S. 678 (2001). He seeks release from custody.

Respondent argues that the Petition is moot because Petitioner was released from

detention on an Order of Supervision on November 13, 2018. (Doc. 7, p. 2; Doc. 7-1, p. 1). To date, Petitioner has not submitted a notice to the Court to advise of his new mailing address.

## Analysis

A Petition filed pursuant to 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas,* 533 U.S. 678, 687-88. Under 28 U.S.C. § 2241(c), a Writ of Habeas Corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time the Petition was filed. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Therefore, a detainee who is released while his Petition for Writ of Habeas Corpus is pending meets the "in custody" requirement; his release does not necessarily render his Petition moot. However, the Petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Ibid.* That is the situation here. According to Respondent's Motion, Petitioner has received the relief sought – release from ICE custody.

## Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 7) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with

this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Petitioner is further advised that a proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: November 28, 2018**

s/ STACI M. YANDLE
United States District Judge
